**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------x
MADALYN PREVETE                                    :
on behalf of Plaintiff and the class               :
members described herein,                          :
                                                   :
                Plaintiff,                    :
                                                   :
                vs.                           :
                                                   :
COMPUTER CREDIT, INC.                              :
                                                   :
                Defendants.                   :
------------------------------------------------------x

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.     Plaintiff Madalyn Prevete brings this action to secure redress regarding unlawful collection practices engaged in by Defendants Computer Credit, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.     Plaintiff's private information was wrongfully disclosed by Defendants to an unauthorized third party, causing injury to Plaintiff which can be redressed by an award of damages.

4.     Personal jurisdiction and venue in this District are proper because Defendants' collection letter was received here.

### PARTIES

#### Plaintiff

5.     Plaintiff Madalyn Prevete is a natural person residing in Brooklyn, New York.

**Defendants**

6. Defendant Computer Credit, Inc., is a corporation organized under the law of North Carolina with principal offices at 7996 North Point Blvd., Suite 200, Winston-Salem, NC 27113. It does business in New York. Its registered agent and office is Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

7. Defendant Computer Credit, Inc., is engaged in the business of a collection agency, collecting consumer debts and using the mails and telephone system for that purpose.

8. Defendant Computer Credit, Inc., is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

**FACTUAL ALLEGATIONS**

9. This action arises out of attempts to collect health care debts incurred for personal, family or household purposes.

10. On or about February 8, 2021, a letter purporting to come from Defendant Computer Credit, Inc., but actually sent by a letter vendor, was sent to Plaintiff. A copy of this letter is in Exhibit A.

11. The letter bears markings that are characteristic of letters generated by a letter vendor.

12. In order to have the letter vendor send Plaintiff the letters, Defendant Computer Credit, Inc., had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debts, and other personal information.

13. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letters to Plaintiff.

14. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

15. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

16. The communications of Defendant Computer Credit, Inc., to the letter vendor were in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

17. Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

18. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

19. The letter vendor used by Defendant Computer Credit, Inc. as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

20. Due to Defendant's communications to this letter vendor, information about Plaintiff is within the possession of an unauthorized third-party.

21. If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

22. Defendant Computer Credit, Inc. unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

23. In its reckless pursuit of a business advantage, Defendant has disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

## COUNT I – FDCPA

24. Plaintiff incorporates paragraphs 1-23.

25. Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debts to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

26. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

28. The class consists of (a) all individuals in New York (b) to whom a letter was prepared and sent by a letter vendor (c) at the instance of Defendant Computer Credit, Inc., (d)

which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

29. Plaintiff may alter the class definition to conform to developments in the case and discovery.

30. On information and belief, based on the size of Defendant's business operations and the use of form letters, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

31. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

32. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

33. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

    i. Statutory damages;

      ii.      Attorney's fees, litigation expenses and costs of suit;

      iii.     Such other and further relief as the Court deems proper.

*s/ Abraham Kleinman*
Abraham Kleinman

Abraham Kleinman
KLEINMAN LLC
626 RXR PLAZA
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)


pro hac vice to be applied for:

Heather Kolbus
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*s/ Abraham Kleinman*
Abraham Kleinman

# **EXHIBIT A**

 **IMPORTANT NOTICE**   February 08, 2021

CLAIM DEPT 006210 . 7996 North Point Blvd . PO Box 5238 . Winston-Salem, NC . 27113-5238 . 877-284-1875

**PROVIDER DETAIL**

You may call ▮▮▮▮▮ Customer Service
Office Hours 8:00 am - 5:00 pm EST
Pay Online: ▮▮▮▮▮
Serial No.   ▮▮▮0394
Reference:   ▮▮▮ P# ▮▮▮238 I

**PAST DUE AMOUNT:** ▮▮▮

017   CT6   1465
Madalyn Prevete
For: Prevete, Madalyn
▮▮▮▮▮

PLEASE SEE IMPORTANT NOTICE ON BACK

Dear Madalyn Prevete:

Your overdue balance with your creditor ▮▮▮▮▮ has been referred to Computer Credit, Inc. (also referred to in this letter as CCI) for collection. Our records indicate that this debt is your responsibility. This letter will serve to inform you that your account remains unpaid and we expect resolution of your obligation to the ▮▮▮. CCi offers access to a service that interprets phone conversations in real time for Spanish-speaking consumers. A translation and description of commonly-used debt collection terms is available in multiple languages on the NYC Department of Consumer and Worker Protection website at www.nyc.gov/dca. Computer Credit, Inc. is a debt collector. We are licensed by the New York City Department of Consumer Affairs, License Number 1247311.

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify our office that you dispute the validity of this debt or any portion thereof within 30 days of receiving this letter, we will assume that the debt is valid and expect it to be paid.

Pay the amount due to prevent further collection activity by Computer Credit, Inc. We appreciate your attention to this matter.

Partial payments will not stop the collection process. You may call the creditor to discuss your specific situation.

Financial assistance may be available to those who qualify. To determine if you are eligible you may contact the hospital at 718-283-6740 or visit www.Maimonidesmed.org>For Patients & Visitors>Financial Assistance

To pay securely   www.informationcci.com   OR   Toll free: 1-855-SELFPAY (1-855-735-3729)   USE   Reference Number ▮▮▮2 187

Return this portion with your payment

**IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW**
 VISA    MasterCard    DISCOVER   AMEX
CARD NUMBER                              EXP DATE
SECURITY CODE                            AMOUNT
SIGNATURE
PRINT CARDHOLDER'S NAME
BILLING ADDRESS                          BILLING ZIP CODE

GUARANTOR   Madalyn Prevete
Reference:  ▮▮▮ P# ▮▮▮ 2381
SERIAL NO:  ▮▮▮ 0394
AMOUNT DUE  ▮▮▮

You may make check payable to:

Attn: ▮▮▮▮▮
▮▮▮▮▮



Computer Credit, Inc.
▮▮▮2 187

### FEDERAL NOTICE TO ALL CONSUMERS

CCI will assume this debt to be valid unless you dispute the validity of the debt, or any portion thereof, within thirty days after receipt of this notice. If you notify CCI, in writing, within this thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment, as applicable, and a copy of such verification or judgment will be mailed to you. Upon written request within the thirty-day period, CCI will provide you with the name and address of the original creditor if different from the named creditor.

CCI is required by California, Massachusetts and Washington state law to give the notice set forth below to consumers in those states. These notices do not contain a complete description or listing of all rights that consumers have under state and federal laws.

### NOTICE TO CALIFORNIA CONSUMERS

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in this area.

### NOTICE TO MASSACHUSETTS CONSUMERS

You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

### NOTICE TO WASHINGTON CONSUMERS

Washington law gives Washington consumers the right to request the original account number, date of last payment and an itemized statement regarding the debt. You may be eligible for charity care from your provider. You may contact them at the phone number located on the front of your collection letter.